IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY LEE GRAVES, :
    Petitioner :
: No. 1:19-cv-526
v. :
: (Judge Kane)
DAVID J. EBBERT, :
    Respondent :

## MEMORANDUM

**I.    BACKGROUND**

On March 25, 2019, the Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 from pro se Petitioner Johnny Lee Graves ("Petitioner"), a District of Columbia inmate currently confined at the United States Penitentiary Lewisburg, Pennsylvania ("USP Lewisburg"). On March 29, 2019, Petitioner paid the requisite $5.00 filing fee.

Petitioner challenges the 180-month sentence imposed on him by the Superior Court of the District of Columbia after he pled guilty to voluntary manslaughter while armed. (Doc. No. 1 at 1, 11); United States v. Graves, No. 2008 CF1 020411 (D.C. Super. Ct.). Petitioner claims "actual and factual innocen[ce] of sentence enhancements criminal history score of 2.00 points." (Doc. No. 1 at 6.) It appears that Petitioner believes that pursuant to the Supreme Court's recent decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), certain prior convictions should have not qualified as crimes of violence to enhance his criminal history score. (Id. at 7-8.) He also asserts that his sentence enhancements violate the Due Process Clause of the Fifth Amendment to the United States Constitution because they are "void for vagueness." (Id. at 8.) As relief, Petitioner asks that the Court "reconsider [his] prior convictions as a crime of violence and remove [the] enhancement points" and "resentence [him] under the proper guidelines." (Id. at 9.) For the following reasons, the Court will dismiss Petitioner's petition without prejudice.

1

## II.  DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It is well settled that "federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that the applicant's remedy pursuant to D.C. Code Ann. § 23-110 is inadequate or ineffective to test the legality of the detention." Austin v. Miner, 235 F. App'x 48, 50 (3d Cir. 2007). The remedy under § 23-110 is not inadequate or ineffective because the petitioner "is prevented from using the remedy a second time to litigate or re-litigate because relief has been previously denied." Muhammad v. Baltazar, No. 4:17-CV-1030, 2017 WL 4472759, at *2 (M.D. Pa. Oct. 6, 2017).

The determination as to whether the remedy under § 23-110 is inadequate or ineffective looks at the same considerations enabling federal prisoners to seek habeas relief. Austin, 235 F. App'x at 50. Thus, as the United States Court of Appeals recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), a federal (and, by extension pursuant to Austin, District of Columbia) prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer considered to be criminal conduct so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v.

2

New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73, 2012 WL 252416, at *2 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges his sentence, claiming that under Dimaya, several of his prior convictions that were used to enhance his sentence for voluntary manslaughter while armed can no longer qualify as crimes of violence. Petitioner, however, has not met his burden of demonstrating that a motion under § 23-110 of the D.C. Code "is inadequate or ineffective to test the legality of [his] detention." Austin, 235 F. App'x at 50. Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Furthermore, this Court has previously concluded that federal prisoners cannot bring claims pursuant to Dimaya in a § 2241 petition, see, e.g., Roman v. Ebbert, No. 3:17-cv-01146, 2019 WL 247398, at *4-5 (M.D. Pa. Jan. 17, 2019); Trevino v. United States, No. 4:18-CV-1937, 2018 WL 5437741, at *2-3 (M.D. Pa. Oct. 29, 2018); Luster v. White, No. 4:18-CV-1059, 2018 WL 2981333, at *2-3 (M.D. Pa. June 14, 2018), and sees no reason why the same limitations would not apply to District of Columbia prisoners. Indeed, because there are no limitations to prisoners filing second or successive motions under § 23-110 of the D.C. Code, see Austin, 235 F. App'x at 51, Petitioner can raise his sentencing challenges in a motion filed pursuant to that section. Because Petitioner has failed to demonstrate that a motion under § 23-110 is inadequate or ineffective to test the legality of his detention, permitting

him to proceed under § 2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of jurisdiction.

**III.     CONCLUSION**

Based on the foregoing, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  Because Petitioner is in custody because of a District of Columbia judgment, he is regarded as a state prisoner for habeas corpus purposes, and thus must obtain a certificate of appealability to pursue an appeal.  See Wilson v. U.S. Parole Comm'n, 652 F.3d 348, 352 (3d Cir. 2011).  Because Petitioner has not made a substantial showing of the violation of a constitutional right, this Court will not issue a certificate of appealability.  An appropriate Order follows.